THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RICHARD GRAHAM WEBECKE, ) | | Case No. 2:13CV01132 DS |
| Plaintiff, ) | | |
| vs. ) | | MEMORANDUM DECISION AND ORDER |
| SALT LAKE CITY, et al., ) | | |
| Defendants. ) | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendants Salt Lake City Corporation and Officer Vu have filed a Motion to Dismiss Plaintiff's Seventh, Tenth, Twelfth, Thirteenth and Fourteenth Causes of Action for Failure to File an Undertaking and Bond (Doc. #74). The subject claims are against Salt Lake City and Officer Vu in his individual capacity, for negligence, false arrest, false imprisonment, intentional infliction of emotional distress and negligent infliction of emotional distress. For the reasons that follow the Motion is granted.

As Defendants note, Utah law requires a party bringing state law claims against a government entity to file an undertaking in a sum fixed by the court. Utah Code Ann. § 63G-7-601. A party bringing a claim against a law enforcement officer acting within the scope of the officer's official duties also must file a bond that is sufficient to guarantee payment of all costs. *Id*. at § 78B-3-104.

Defendants assert, and the Court agrees, that a plaintiff must file the undertaking referenced in § 63G-7-601, and where applicable, the bond described in § 78B-3-104, at the time the complaint is filed. *See e.g. Mglej v. Garfield County*, Civ. No. 2:13-cv-713,

2014 WL 2967608 (D. Utah July 1, 2014)(dismissing state law claims against county, county jail, and officer for failure to file undertaking and bond when complaint filed); *Rippstein v City of Provo*, 929 F.2d 576 (10th Cir. 1991)(affirming district court's dismissal of wrongful death claim against city, police department, and officer for failure to file undertaking and bond at time complaint was filed).  Failure to file the undertaking and bond cannot be remedied after the complaint is filed*.  Id.* at 577.[1]  Plaintiff has offered no contrary authority.

Because Plaintiff failed to file the required undertaking and bond at the time the Complaint was filed, Defendants Motion to Dismiss (Doc. #74) must be granted.[2] Accordingly, the Seventh, Tenth, Twelfth, Thirteenth and Fourteenth claims of the Complaint are dismissed without prejudice.[3]   Additionally, the Court concludes that Defendant Salt Lake City's  prior Motion for Judgment on the Pleadings (Doc. #51), seeking judgment on the Seventh, Tenth, Twelfth, Thirteenth and Fourteenth claims of the Complaint, which was stayed pending further discovery by Plaintiff, is now moot and

---

[1] The Court agrees with Defendants that Plaintiff may not avoid the bond requirement on the grounds he is pursuing alternative theories of recovery against Officer Vu.  *See* Mot. (Doc. #74) at 5-6.

[2] *See Swasey v. West Valley City,* No. 2:13-cv-00768-DN, 2015 WL 500870, at *2 (D. Utah Feb. 5, 2015)(court found that raising the plaintiff's failure to file the undertaking in a Rule 12 motion for judgment on the pleadings was appropriate, and an exception to the general rule barring affirmative defenses raised in motions, because the court need look no further than its docket to determine that the undertaking had not been filed).

[3] Plaintiff's motion for leave to amend his Complaint contained in the body of his opposing memorandum, *see* Opp'n at 7, is inappropriate under DUCivR 7-1(b)(1) and will not be considered.

denied as such without prejudice.[4]

    IT IS SO ORDERED.

    DATED this 22nd day of April, 2015.

BY THE COURT:

*David Sam*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] The remainder of Salt Lake City's prior Motion for Judgment on the Pleadings (Doc. #51) as to Plaintiff's Respondeat Superior, Negligent Hiring, and Negligent Supervision (claims Sixteen, Nineteen & Twenty) is also moot based on Plaintiff's clarification that those claims are not asserted against Salt Lake City, but "are plead against Defendants Little America, Grand America, Grand America Resorts and/or Sinclair Oil in the event Defendant Vu was acting as an employee and /or agent of these private entity defendants." Mem. Opp'n (Doc. # 57) at 14.